## CLARK v. FRENCH.

[74 South. 824, Division B.]

1. MORTGAGES. *Assignment. Forgers.*
   No person can secure title under a forged instrument.

2. SAME.
   The assignee of a deed of trust after maturity thereof takes the same with notice of all the infirmities and defects of the assignor's title.

APPEAL from the circuit court of Claiborne county.

HON. E. L. BRIEN, Judge.

Action of replevin by C. B. Clark, trustee against C. A. French trustee. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. B. Anderson* and *J. T. Drake,* for appellant.

We believe that the trial court, in making its rulings, assumed the absolute truth of Clark's testimony, and he would not have been justified in granting the instruction upon any other assumption. It is proper, however, to state that the trial judge must have disregarded Clark's statement that the *addendum* to the receipt in question was a forgery. If he did so, he was in error. Clark testified positively that these words were added without his knowledge, and after his signature and delivery of the receipt to Parsons. This made this question a question for the jury, and not a matter to be passed upon by the court. Even if the *addendum* and the receipt had been written with identically the same ink, it would still have been a question for the jury, for the reason that the whole, and not a part, is stated by Clark to have been the work of Parsons, and it will be reasonable to believe that he had written both with the same pen and the same ink. However, this receipt is now before the court, and the examination of it in a strong light will powerfully corroborate Clark's evidence. The main receipt is written in ink with a brown base, while the part charged by Clark to be forged is written in ink with a purple base. This may not be apparent in a weak light, but in a strong light it stands out most clearly.

We find nothing else in the way of a legal proposition in appellee's brief to answer. There is nothing in the evidence to indicate that Clark knew that Parsons was a crook. McCabe certainly knew it. Clark did make every possible effort to get the papers back from Parsons after

the latter's bad faith became apparent. Counsel for appellee says that it is true that it was a risky business on McCabe's part, but that he took what he could get. This is at the bottom of the matter. McCabe knew that the paper had been dishonored. He had every reason to suspect that Parsons had no title. He was in possession of facts which, if followed up, as could readily have been done, would have shown him not only Parson's fraud, but J. W. Clark's lack of power to make the transfer of the papers as named in the receipt. The two cases cited upon page 5 of appellee's brief, have no bearing upon this case. They simply hold that a court of law cannot marshal assets.

We see no possible phase of the case which would justify a peremptory instruction for defendant, but we think that the plaintiff is clearly entitled to such instruction.

*C. A. French,* for appellee.

If J. W. Clark has any right to win this case, and no one else but he is trying to beat McCabe in this case, then he must do it on the assumption that the receipt that J. W. Clark gave Parsons was a forgery; that is all he has to stand on.

The plaintiff, asked for, and offered the receipt which was in the possession of the defendant, the plaintiff asked for it in court, and it was delivered, while Clark was on the witness stand, and offered as exhibit C to the testimony of Clark, page 47, of Record.

Then Clark proceeded to swear that the receipt was a forgery, as to the material part of it. In other words he set up a man, and then undertook to knock him down. This he was estopped from doing, by his own testimony; the burden was on him to prove that any part of that receipt was a forgery. *Cain* v. *Moyese et al.,* 15 So. 115; *Johnson* v. *Moyse* 12 So. 483.

ETHRIDGE, J., delivered the opinion of the court.

J. W. Clark, as agent for Charles B. Clark, trustee, sued out a writ of replevin for certain property named in the affidavit alleged to be wrongfully detained by C. A. French, trustee, district 1 of Claiborne county, Miss. The suit originated in a justice of the peace court and was appealed to the circuit court where the judgment was rendered in favor of the appellee French, trustee. The cause of action grows out of a transaction between J. W. Clark and one Parsons. Clark had been connected with a bank, and the bank was in a condition bordering on insolvency and bankruptcy, and Clark was desirous of making arrangements by which the business of the bank could be taken care of, and Parsons and Clark and others were to organize a new bank and take over the assets of the old bank, and Clark conveyed or assigned to Parsons certain securities held by J. D. Millsaps & Co., a merchandising firm composed of Clark and Clark's wife. At the time of the transaction, the wife had died and her estate was being administered by C. B. Clark, the appellant in this cause. It was agreed in the article of agreement that, if Parsons and his associates failed to carry out the agreement, all the securities and property transferred to Parsons would be returned to Clark. The agreement provided in its concluding clause that, in the event that no new bank is organized, then this agreement to be null and void and the said described collateral is to be turned back to said Clark. Receipts and papers were given listing the securities and mortgages and things turned over to Parsons. After making this contract, Parsons got into trouble in New Orleans, and McCabe, of Vicksburg, Miss., an attorney, procured the discharge of Parsons from jail at New Orleans, and later Parsons got in jail again at Vicksburg, and McCabe secured his release from the prison there and let him have some money in small amounts and rendered professional

services in defending Parsons, and Parsons to secure McCabe transferred to McCabe certain of the deeds of trust turned over to him by Clark. It seems that McCabe knew of the contract between Clark and Parsons and requested information of Parsons with reference to the matter, whereupon Parsons exhibited an instrument on which he had written certain lists of the papers and deeds of trust that Parsons was to have for his own use and benefit to do with as he pleased, and McCabe thereupon accepted said papers in satisfaction of his claim against Parsons. Among the papers embraced in this writing were the papers and deeds of trust on the property involved in this replevin suit, and the transfer to McCabe was made after the maturity of the note and deed of trust so assigned. Clark claimed that Parsons had forged this writing on the original paper and that it was not authorized and was not written on there at the time the paper was delivered by him to Parsons. French as trustee for McCabe had secured possession of the property under this deed of trust, and Clark, trustee, replevied the property. On these facts the court granted a peremptory instruction in favor of French, trustee, and from this judgment entered on such peremptory instruction this case is appealed here.

We are unable to perceive upon what theory the learned trial judge granted a peremptory instruction. The plaintiffs have shown, if it was accepted as true, that Parsons had forged this clause upon this contract, and it is clear that no person could secure a title under a forged instrument. In the second place, McCabe took this assignment of deed of trust after the maturity thereof and was charged with notice of all infirmities and defects in Parson's title.

The judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*