Mr. Justice Donges, Mr. Justice Heher and I, are, in the main, in accord with the reasoning and the results reached by our brethren of the majority. But we are not in accord with either the reasoning or results reached as to the modifications of the restraint imposed under paragraph (q). Under this paragraph, as modified, appellants are now given permission merely to place a sound truck with amplifying facilities upon the highways and to make announcement of the fact "that a strike exists." These limitations are basically made *Page 84 
to rest upon the premise that the use of the word "scab" in reference to respondent's newspaper carries with it both "offensiveness" and "opprobrious significance." This premise, we think, finds no support in either reason or law.
Among other definitions, Webster's New InternationalDictionary gives this definition for the word "scab:" "A workman who works for lower wages than, or under conditions contrary to, those prescribed by the trade union." And as was said in WalterA. Wood Mowing and Reaping Mach. Co. v. Toohey (1921), 114Mis. 185; 186 N.Y. Supp. 95, "this definition embraces no thought of violence, no infraction of the law, no threat, no menace. * * * It carries with it no import of infamy or crime."
Uncomplimentary as the use of the word "scab" may be, sensitive as some are to its use, answerable as one may otherwise be for improper use of words, we are of the opinion that, under the circumstances here exhibited, the restraint imposed (barring as it does the right freely to speak the unpleasant truth) clearly trenches upon appellants' fundamental right of free speech both under our state and federal constitutions.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, PORTER, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 10.
For modification — DONGES, HEHER, PERSKIE, JJ. 3. *Page 85